IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| JAMES DWIGHT LEWIS, | ) | 1:24-CV-00260-RAL |
| | ) | |
| Petitioner | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| v. | ) | |
| | ) | MEMORANDUM OPINION ON |
| WARDEN NEWMAN, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS |
| Respondent | ) | |
| | ) | ECF NO. 5 |
| | ) | |

## I.    Introduction

Petitioner James Dwight Lewis, an inmate formerly in the custody of the Federal Bureau of Prisons (BOP), initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 5. Petitioner sought an order directing the BOP to recalculate his sentence and award him an immediate transfer to a Residential Reentry Center (RRC). Prior to his petition becoming ripe for review, Petitioner was placed in an RRC, as requested. *See* ECF No. 13. He has since been released from BOP custody. ECF No. 15. *See also* BOP Inmate Locator (www.bop.gov/inmate loc/) (last visited April 7, 2026) (indicating that Petitioner is no longer in BOP custody).

## II.    Analysis

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III,

1

§ 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and <u>likely to be redressed by a favorable judicial decision.</u>'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

In many habeas cases, the crucial issue with respect to mootness is whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. *Spencer*, 523 U.S. at 7. In other words, there still may be a case or controversy before the court – even if the injury that a complaining party seeks to remedy through litigation no longer exists – if there is a "collateral injury" that is "likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477); *Burkey*, 556 F.3d at 147-51. Where the petitioner is attacking a wrongful conviction, courts often will presume the existence of collateral consequences that can be remedied by a favorable decision from a habeas court. *Id.* However, in cases such as the instant case, where Petitioner is challenging the <u>term</u> of his sentence rather than the <u>lawfulness</u> of his underlying conviction, there is no

such presumption; rather, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court to avoid having his case dismissed on mootness grounds. *Burkey*, 556 F.3d at 148 ("Where...the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."); *Killian v. FCI-Allenwood*, 2018 WL 2292757, at *1 (M.D. Pa. May 18, 2018) (collateral consequences "will not be presumed" with respect to "challenges to the execution of a sentence that has already been served").

Applying these principles to the instant case, the Court concludes that this matter is indeed moot. Since the BOP released Petitioner into an RRC facility (and ultimately released him from BOP custody), as requested, there is no longer any habeas relief that this Court can provide. *See, e.g., Killian*, 2018 WL 2292757, at *1 (dismissing 2241 petition as moot upon petitioner's release from incarceration because "his release eliminates the Court's ability to grant him any relief"); *Scott v. Schuykill FCI*, 298 Fed. Appx. 202, 204 (3d Cir. 2008) ("[Petitioner's] § 2241 petition is moot because it is not redressable by a favorable judicial decision."); *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Nor is there any sort of lingering collateral injury within this Court's power to redress. *Burkey*, 556 F.3d at 147 (once a prisoner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for

3

the action to continue."). As such, Petitioner's habeas petition must be dismissed, with prejudice, and this case marked closed.

III.  CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus will be dismissed as moot and the Clerk will be directed to mark this case closed. An appropriate order will follow.

DATED this 15th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

4